## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:25-cv-00936-KDB-WCM

KENNETH C. SCHEFER,

    Plaintiff,

v.

CHEMRING SENSORS AND ELECTRONIC SYSTEMS, INC.,

    Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant CHEMRING SENSORS AND ELECTRONIC SYSTEMS, INC., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers Plaintiff's Complaint and sets forth its affirmative defenses as follows:

**I.  The Parties to This Complaint**

**COMPLAINT ¶ I.A:**.

    **A. The Plaintiff:**

| | |
|---|---|
| Name | Kenneth C. Schefer |
| Street Address | 2031 Creeks Landing Dr |
| City and County | Monroe, Union County |
| State and Zip Code | NC 28110 |
| Telephone Number | 516-314-4958 |
| E-mail Address | Kenneth.schefer@gmail.com |

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding his current address. Defendant admits the remaining allegations in Paragraph No. 1.A of Plaintiff's Complaint.

**COMPLAINT ¶ I. B:**

    B. The Defendant

        Name                  Chemring Sensors and Electronic Systems, Inc. (Headquarters)
        Job or Title    N/A
        Street Address 14401 Penrose Place, Suite #130
        City and County    Chantilly, Fairfax County
        State and Zip Code   VA 20151
        Telephone Number   (980) 235-2326
        E-mail address     N/A

**ANSWER:**

Defendant admits that its principal office is located at 14401 Penrose Place, Suite 130, Chantilly, Virginia 20151. Defendant denies the remaining allegations in Paragraph No. I.B of Plaintiff's Complaint.

**COMPLAINT ¶ I.C:**.

    C. Place of Employment

        The address at which I sought employment or was employed by the defendant(s) is

        Name                   Chemring Sensors and Electronic Systems, Inc.
        Street Address        4205 Westinghouse Commons Dr
        City and County      Charlotte, Mecklenburg County
        State and Zip Code   NC 28273
        Telephone Number   (980) 235-2200

**ANSWER:**

Defendant admits the allegations in Paragraph No. I.C of Plaintiff's Complaint.

**II.**    **Basis for Jurisdiction**

**COMPLAINT ¶ II:**

This action is brough for discrimination in employment pursuant to (*check all that apply*):

        ☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

**ANSWER:**

Defendant admits that Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12112 - 12117 ("ADA"). Defendant, however, denies that it discriminated against Plaintiff in violation of the ADA or in any other manner.

**III. Statement of Claim**

**COMPLAINT ¶ III.A:**

    A.    The discriminatory conduct of which I complain in this action includes

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts (*specify*) _____.

**ANSWER:**

Defendant denies the allegations in Paragraph III.A of Plaintiff's Complaint.

**COMPLAINT ¶ III.B:**

    B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Coworker filing of false complaint: 04/29/2024
Ongoing discussion and conflict resolution attempts with Mandel carried through approx.. 07/16/24
Phone call with Mandel after hospitalization committing discriminatory conduct: 10/30/2024
Follow-up call regarding my return to work in which retaliatory conduct is committed: 12/02/2024

**ANSWER:**

Defendant denies the allegations in Paragraph III.B of Plaintiff's Complaint.

**COMPLAINT ¶ III.C:**

  C. I believe that defendant(s) *(check one)*:

    ☐ is/are still committing these acts against me.

    ☒ is/are not still committing these acts against me.

**ANSWER:**

Defendant denies the allegations in Paragraph III.C of Plaintiff's Complaint.

**COMPLAINT ¶ III.D:**

  D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

    ☐ race _____

    ☐ color _____

    ☐ gender/sex _____

    ☐ religion _____

    ☐ national origin _____

    ☐ age (year of birth) _____

    ☒ Disability or perceived disability (*specify disability*).
      Severe Depression and PTSD_____.

**ANSWER:**

Defendant denies the allegations in Paragraph III.D of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.1:**

  E. The facts of my case are as follows:

Preface: I had an emotional breakdown involving a coworker (whom I worked closely with for years), Ms. Tiffany Ledford, due to the grief and distress caused by the death of a childhood friend, on 03/29/2023. I had been suffering from severe depression for nearly a year before this event, although I did not properly identify it as such at the time. Due to her invitation to talk to her if I needed to, I engaged in an emotional circumstance where I effectively used her as a coping mechanism for attention, connection, validation, and relief from anxieties facing my life. During this time, she seemed willfully engaging and understanding. I was not fully aware of my behavior and how I was affecting her until about 4 months later, when I noticed she seemed

very upset with me. I called her, apologized for having involved her, told her I went and got professional help, that I respected her, and immediately ceased any and all behavior that I perceived could be the cause of her being upset with me.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's mental health conditions and emotional state, his experiences, and his perceptions and awareness as detailed in Paragraph III.E.1 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph III.E.1 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.2:**

For the subsequent year, I was subjected to repeated awkward, confusing, insulting, and humiliating moments with Ms. Ledford, and sometimes other coworkers. Months apart, I would attempt to communicate with her about her sentiment to understand if there was something I was continuing to do to cause these moments. She consistently and repeatedly told me that these moments were not directed at me, that I imagined them, and she had no issues with me at all. These moments were incredibly stressful for me because I was continuing to suffer from severe depression, and having involved her, she had a great deal of emotional leverage over me. This coworker had ongoing knowledge that I was struggling with depression throughout this entire period.

**ANSWER:**

Defendant admits that Plaintiff repeatedly tried to engage Tiffany Ledford in personal discussions about his private life in 2023 and 2024. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's mental health conditions and emotional state as detailed in Paragraph III.E.2 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph III.E.2 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.3:**

In mid April 2023, Ms. Ledford made an accidental glaring confession to me, which contradicted all of the reassurances she had been giving me over the past year. I followed up by walking into her office and very simply asking her if she needed a boundary. She adamantly declined this proposition, and acted shocked I would even ask her such a thing.

**ANSWER:**

      Defendant denies the allegations in Paragraph III.E.3 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.4:**

Immediately after this conversation, Ms. Ledford filed a false complaint with the company regarding "unwanted attention" in which she stated she had told me "multiple times" she wanted a strictly professional relationship with me, amongst other false statements.

**ANSWER:**

      Defendant denies the allegations in Paragraph III.E.4 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.5:**

**Discrimination**

The company initially reassured me that an amicable resolution would be met, invited me to share my side of things, and any proof I had to contest the complaint. I submitted a formal response detailing my position, informing the company of my mental health issues, and showing them facts about how respectful and considerate I have been towards Ms. Ledford as a means to try and get these moments to stop. I spent two months with follow-up meetings with Ms. Mandel (and sometimes my boss Mr. Rob McAtee) convincing them that this was a false complaint, that it is so egregiously false and offensive that it is indicating to me that she has no regard how her words and actions affect me, and has no sense of accountability in any of this. It was also very visibly apparent that this was causing a tremendous amount of undue stress for me. While it is hard to convey, it is because this complaint forced me into a position which induced the primary symptoms of my disease that I had been trying to manage for the entire year prior, being feelings of isolation, worthlessness, fear, anxiety, dread, confusion, and a sense of being trapped.

**ANSWER:**

      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's mental health conditions and emotional state as detailed in Paragraph III.E.5 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph III.E.5 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.6:**

While the company said many contradictory and threatening things to me, in the final meeting, they refused to resolve the complaint, and told me that if I had to isolate myself in the lab to avoid Ms. Ledford that I should do that. They also blocked me from joining the company picnic

planning committee, with the only justification being that she was on the committee. I told them very explicitly that the company is giving this coworker the power to isolate me, and that I will not be able to cope with this. They would not do anything to alleviate my stress, nor did they offer a justification for this.

**ANSWER:**

Defendant denies the allegations in Paragraph III.E.6 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.7:**

My inability to cope with the tangibly threatening position I was forced into very quickly caused a downward spiral of my then improving mental health, which lead to me being involuntarily hospitalized for suicidal intent. I was then put into a full-time recovery program for treatment of severe depression and PTSD, which I stayed in through the length of my disability leave.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's mental health conditions and treatment for same as detailed in Paragraph III.E.7 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph III.E.7 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.8:**

Three months into my leave, I had a phone call with the company (Ms. Kelly Mandel) in which I told her I wanted to return to work, but I was afraid and felt threatened, and that returning to work under these conditions without some reassurance from the company is going to compromise my mental health. Many things were said in this conversation, but Mandel told me she wanted me to be comfortable in my job environment, and committed to providing me with a "road map" of what my return to work would look like. Instead of delivering on this, the company sent me a threatening email less than 24 hours later stating that I had about three weeks to return to work, or my employment would be terminated as a "voluntary resignation". Ms. Mandel never provided that road map.

**ANSWER:**

Defendant admits the allegations in the first sentence of Paragraph III.E.8 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph III.E.8 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.9:**

**Retaliation**

On the final day I was required to return to work, I had one more phone call with Ms. Mandel. In that call, I informed them of having involved legal counsel and that I was contacting the EEOC for disability discrimination and retaliation. She inadvertently insinuated that I was about to be terminated if I hadn't told them of this.

**ANSWER:**

Defendants admits that Plaintiff attended a video meeting with Kelly Mandel on December 3, 2024 in which he stated that he had retained an attorney and would be pursuing claims for alleged discrimination and retaliation. Defendant denies the remaining allegations in Paragraph III.E.9 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.10:**

The company then forced me to remain on leave without ever reconsidering their stance or offering reassurance, and even resulted to making false statements to the EEOC about things I said and events that occurred. They also violated their own employee handbook regarding resolution of false complaints, as well as treating employees with dignity.

**ANSWER:**

Defendant denies the allegations in Paragraph III.E.10 of Plaintiff's Complaint.

**COMPLAINT ¶ III.E.11:**

This situation has collectively been the most invalidating and dehumanizing experience of my entire life. To this day, I still have not fully closed the door on this trauma due to the damage caused to me both emotionally and financially.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding his feelings and experiences in Paragraph III.E.11 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph III.E.11 of Plaintiff's Complaint.

**IV.	Exhaustion of Federal Administrative Remedies**

**COMPLAINT ¶ IV.A:**

> A.	It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (*date*)
>
> 12/04/2024

**ANSWER:**

Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 4, 2024. Defendant, however, denies that it engaged in any discriminatory conduct and denies any remaining allegations in Paragraph IV.A of Plaintiff's Complaint.

**COMPLAINT ¶ IV.B:**

> B.	The Equal Employment Opportunity Commission (*check one*):
>
> ☐	has not issued a Notice of Right to Sue letter.
>
> ☒	Issued a Notice of Right To Sue letter, which I received on 8/26/2025.

**ANSWER:**

Defendant admits that the EEOC sent a Determination and Notice of Rights to Plaintiff, which included notice of his right to sue, on August 26, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding the date when Plaintiff received this notice.

**V.	Relief**

**COMPLAINT ¶ V:**

> Income Damages:
> Involuntary Hospitalization for suicidal intent: $2,000
> Income loss for being forced to remain on disability leave for 8 months before being forced to resign:  Salary: $106,000 Disability Insurance pay rate: —60% salary
> Wage loss = $106,000 * 0.4 = $42,400

    401k company match: 6%
    401k contribution loss = 106,000 * 0.06 * 8/12 [months] = $4,240

    Total income loss = 2,000 + 42,400 + 4,240 = $48,640

    Emotional Distress Damages due to company's discriminatory conduct and failure in conflict resolution: Sleeplessnesss, anxiety, mental anguish, trauma of hospitalization, strained relationships, grief of job loss: $80,000

    Total claim of damages: $126,640

## **ANSWER:**

Defendant denies that Plaintiff is entitled to any relief whatsoever and further denies the remaining allegations in Paragraph V of Plaintiff's Complaint.

## VI. Certification and Closing

## **COMPLAINT ¶ VI.A:**

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case—related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/21/2025

## **ANSWER:**

Paragraph VI.A of Plaintiff's Complaint does not contain any allegations to which Defendant must respond.

## **AFFIRMATIVE DEFENSES**

## **FIRST DEFENSE**

To the extent Plaintiff failed to exhaust his administrative remedies or failed to comply with any procedural prerequisites prior to bringing his claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### SECOND DEFENSE

To the extent Plaintiff's claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

### THIRD DEFENSE

To the extent that Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

### FOURTH DEFENSE

Defendant demonstrated good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation(s) that would provide Plaintiff with an equally effective opportunity and would not cause an undue hardship on Defendant's business.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any harassing or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

### SIXTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with the ADA and all other applicable anti-discrimination laws.

### SEVENTH DEFENSE

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant its costs, expenses, and any and all other relief the Court deems just and proper.

Respectfully submitted,

CHEMRING SENSORS AND ELECTRONIC SYSTEMS, INC.

By s/ *Frederick T. Smith*
Frederick T. Smith
North Carolina Bar No. 45229
Attorney for Defendant
SEYFARTH SHAW LLP
300 S. Tryon Street
Suite 400
Charlotte, North Carolina  28202
Telephone: (704) 925-6023
Facsimile:  (704) 559-2425
E-mail:  fsmith@seyfarth.com

Date: February 25, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-cv-00936-KDB-WCM

| | |
|---|---|
| KENNETH C. SCHEFER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEMRING SENSORS AND ELECTRONIC SYSTEMS, INC.,<br><br>    Defendant. | **CERTIFICATE OF SERVICE** |

    I certify that, on February 25, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that I e-mailed a copy of the filing to Plaintiff at kenneth.schefer@gmail.com.

>    */s/ Frederick T. Smith*
>    Frederick T. Smith